UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DIANA FRANKLIN, TANISHA JACKSON, KIZZY WILLIAMS and LASANDRA HARRIS, individually and on behalf of others similarly situated | * * * * * | CIVIL ACTION NO: _____ MAGISTRATE: |
| VERSUS | * * * | JUDGE: |
| JENN'S ANGELS, LLC and JENNIFER GIBSON PEARSON | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT – COLLECTIVE ACTION

Plaintiffs, Diana Franklin, Tanisha Jackson, Lasandra Harris and Kizzy Williams, individually and on behalf of all other similarly situated current and former employees of Defendants, Jenn's Angels, LLC and Jennifer Gibson Pearson, bring this Collective Action and allege as follows:

### I. OVERVIEW

1. Plaintiffs bring this claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* to recover unpaid overtime compensation under §16(b) of the FLSA as a collective action individually and on behalf of all current or former healthcare workers employed by Defendants during the last three (3) years who were not paid overtime for all hours worked in excess of forty (40) hours a week as required by § 207(a) of the FLSA (hereinafter referred to as "Collective Members").

### II. PARTIES

2. Plaintiff Diana Franklin is a major, individual, domiciled in Baton Rouge, Louisiana, who was employed by Defendants as a healthcare worker from approximately August,

2020 to May, 2021. Plaintiff Diana Franklin has consented to filing this action. (Plaintiff Diana Franklin's Consent form is attached as Exhibit "A".)

3. Plaintiff Tanisha Jackson is a major, individual, domiciled in Baton Rouge, Louisiana, who was employed by Defendants as a healthcare worker from approximately July, 2020 to January, 2021. Plaintiff Tanisha Jackson has consented to filing this action. (Plaintiff Tanisha Jackson's Consent form is attached as Exhibit "B".)

4. Plaintiff Kizzy Williams is a major, individual, domiciled in Baton Rouge, Louisiana, who was employed by Defendants as a healthcare worker from approximately August, 2016 to March, 2021. Plaintiff Kizzy Williams has consented to filing this action. (Plaintiff Kizzy Williams' Consent form is attached as Exhibit "C".)

5. Plaintiff Lasandra Harris is a major, individual, domiciled in Baton Rouge, Louisiana, who was employed by Defendants as a healthcare worker from approximately January, 2017 to November, 2020. Plaintiff Lasandra Harris has consented to filing this action. (Plaintiff Lasandra Harris' Consent form is attached as Exhibit "D".)

6. Defendant Jenn's Angels, LLC is a Louisiana limited liability company with its principal place of business located 1011 N. Bon Marche Drive, Baton Rouge, Louisiana, 70806, and may be served through its registered agent, Jennifer Gibson Pearson, at the same address.

7. Defendant Jennifer Gibson Pearson (hereinafter referred to as "Pearson") is a major individual domiciled in Baton Rouge, Louisiana who may be served at 1011 N. Bon Marche Drive, Baton Rouge, Louisiana, 70806

### III. JURISDICTION AND VENUE

8. This case raises a federal question under 29 U.S.C. §216(b) giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. §1331.

9. Venue is proper in this District as Defendants are domiciled and conducted business in the Middle District of Louisiana and a substantial part of the events giving rise to the claims asserted herein occurred within this District.

### IV. COVERAGE UNDER THE FLSA

10. At all relevant times, Defendants are and have been an employer within the meaning of 29 U.S.C. §203(d).

11. At all relevant times, Defendants are and have been an enterprise within the meaning of 29 U.S.C. §203(r).

12. At all relevant times, Defendants have been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. §203(s)(1).

13. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

14. At all relevant times, Plaintiffs and the Collective Members are and were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207.

15. Defendants, Plaintiffs and the Collective Members used cell phones, computers, materials, supplies and medical equipment that were manufactured in or purchased and shipped from states other than Louisiana, accepted checks, credit cards, electronic payments and processed other transactions through interstate banks and financial institutions and provided its employees with paychecks by electronic deposit, all of which constitutes interstate commerce.

16. Further, 29 U.S.C. §207(l) enumerates domestic service workers which, pursuant to 29 C.F.R. §552.3, includes home health aides like Plaintiffs and the Collective Members, as

entitled to individual FLSA coverage, as such employment affects interstate commerce. 29 U.S.C. §202(a).

### V.     FACTS

17.    Plaintiffs and the Collective Members were employed by Defendants as health care workers who provided companionship services for the elderly, ill or disabled at various locations, including the patients' homes and nursing home facilities.

18.    Plaintiffs and the Collective Members were paid on an hourly basis and were not exempt from the overtime requirements of the FLSA.

19.    Plaintiffs and the Collective Members did not perform any job duties or functions that qualified for an exemption from the overtime requirements of the FLSA.

20.    Plaintiffs hours varied from week to week during their employment with Defendants, but they and the Collective Members regularly worked more than forty (40) hours in a workweek.

21.    For example, for the pay period of October 2, 2020 through October 15, 2020, Plaintiff Tanisha Jackson worked two hundred ninety-six (296) hours and was paid straight time only for all hours worked. Plaintiff was not paid an overtime premium for any hours over forty (40) in either week.

22.    For further example, for the two-week pay period ending January 21, 2021, Plaintiff Kizzy Williams worked one hundred fifty-six two/tenths hours (156.02) and was paid straight time only for all hours worked. Plaintiff was not paid an overtime premium for any hours over forty (40) in either week.

23.    The Collective Members were also regularly scheduled to and did work more than forty (40) hours in a workweek.

24. Defendants paid straight time for all hours worked, did not include travel time between clients' locations as work time, and failed to pay an overtime premium for all hours worked over forty (40) in a workweek.

25. Plaintiffs and the Collective Members were not compensated in accordance with the FLSA because they were not paid overtime wages for all hours worked in excess of forty (40) hours in a workweek for all weeks worked.

26. Plaintiffs are aware of other current and former employees of Defendants who are and were subject to the same payroll practice.

27. Defendants have violated, and are violating the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by not paying its healthcare workers like Plaintiffs and the Collective Members overtime.

28. Defendants knowingly, willfully, or in reckless disregard of the law maintained an illegal practice of failing to pay Plaintiffs and the Collective Members overtime compensation for all hours worked over forty (40) over the past three (3) years.

29. Defendants uniformly misclassified Plaintiffs and the Collective Members as independent contractors to avoid liability under the FLSA for overtime pay when they are in fact employees.

30. Plaintiffs and the Collective Members were required to follow and comply with Defendants' rules, policies and procedures, without exercising independent judgement.

31. Defendants controlled all aspects of Plaintiffs and the Collective Members jobs, duties and responsibilities.

32. Plaintiffs and the Collective Members had no ability or opportunity to make a profit while performing their duties and instead earned only their hourly wage.

33. Plaintiffs and the Collective Members were not able to delegate any aspect of their work to others and instead were required to personally perform their job duties.

34. Plaintiffs and the Collective Members were not free to accept employment by others while working for Defendants.

35. Plaintiffs and the Collective Members were not in business for themselves and truly independent but were instead economically dependent upon Defendants for employment.

36. The jobs performed by Plaintiffs and the Collective Members were integral to Defendants' business.

37. Plaintiffs and the Collective Members financial investment was minor when compared to that of Defendants.

## VI. FLSA VIOLATIONS AND COLLECTIVE ACTION ALLEGATIONS

38. The Collective for which certification for purposes of notice is sought pursuant to 29 U.S.C. §216(b) is defined as:

> All healthcare workers employed by Jenn's Angels, LLC and/or Jennifer Gibson Pearson who were not paid overtime wages for all hours worked over forty (40) in a workweek within the last three (3) years.

39. Defendants' practice and policy of not paying overtime affects Plaintiffs and the Collective Members similarly and is a willful violation of the FLSA.

40. The Collective Members are all victims of Defendants' unlawful compensation practices and uniform misclassification as independent contractors and are similarly situated to Plaintiffs in terms of job duties, pay and employment practices.

41. Defendants' failure to pay overtime compensation as required by the FLSA results from a generally applicable, systematic policy and practice and is not dependent on the personal

circumstances of any individual employee. Thus, Plaintiffs and the Collective Members are similarly situated employees.

42. Plaintiffs and the Collective Members all have the same basic job duties and descriptions and perform the same general duties that are relevant for determining whether they were misclassified as independent contractors as well as their eligibility for overtime under the FLSA.

43. The specific job titles or precise job requirements of the Collective Members does not prevent proceeding collectively. All employees, regardless of their precise job requirements or rates of pay, are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek at their overtime rate. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

44. Whether Defendants violated the FLSA by failing to pay Plaintiffs and the Collective Members overtime and misclassifying them as independent contractors is a threshold legal issue which can be determined using representative testimony in a collective action.

45. Plaintiffs and the Collective Members are entitled to recover their unpaid overtime compensation, liquidated damages, attorneys' fees, costs and interest.

### VIII. JOINT EMPLOYER ALLEGATIONS

46. At all times pertinent hereto, specifically including the collective period, Defendant Pearson was an owner, manager and/or executive officer of Jenn's Angels. LLC.

47. Defendant Pearson exercised supervisory and managerial responsibilities and substantial control over the terms and conditions of Plaintiffs and the Collective Members work including, but not limited to, assigning work, hiring and firing employees and classification of employees as independent contractors.

48. Defendant Pearson is or was solely responsible for the administration of the business affairs of Jenn's Angels, LLC and exercised complete control over the work situation and conditions of its employees, including Plaintiffs and the Collective Members.

49. Defendant Pearson was solely responsible for the payroll practices and independent contractor classification complained of herein.

50. Defendant Pearson was vested with authority to, and actually acted directly or indirectly for, and had operational control over Jenn's Angels, LLC's business activities including managerial responsibilities for all aspects of operations and its employees.

51. Accordingly, Defendant Pearson is an "employer" under the FLSA and, as such, is jointly and severally liable for damages for her failure to comply with the FLSA including all damages claimed herein.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated Collective Members, prays for judgment in their favor and against Defendants as follows:

1. For an Order authorizing preliminary discovery on the issue of whether Plaintiffs and the Collective Members are similarly situated under the FLSA;

2. For an Order recognizing this proceeding as a collective action under §216(b) of the FLSA and ordering notice to the Collective Members at the earliest opportunity to ensure Collective Members' claims are not lost to the FLSA statute of limitations;

3. For Judgment in favor of Plaintiffs and the Collective Members and against Defendants for unpaid back wages due to Plaintiff and the Collective Members and for liquidated damages equal in amount to the unpaid compensation;

4. For an award of costs of this action as provided under the FLSA;

5. For an award of attorneys' fees as provided under the FLSA;

6. For an award of pre- and post-judgment interest; and

7. For any and all other and further relief as may be necessary and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues.

                Respectfully Submitted:

                By: /s/ Philip Bohrer
                      Philip Bohrer (LA Bar # 14089)
                      phil@bohrerbrady.com
                      Scott E. Brady (LA Bar # 24976)
                      scott@bohrerbrady.com
                      BOHRER BRADY, LLC
                      8712 Jefferson Highway, Suite B
                      Baton Rouge, Louisiana 70809
                      Telephone: (225) 925-5297
                      Facsimile: (225) 231-7000